IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LAQUITA OLIVER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 1:23-cv-1731 (LMB/WEF) |
| ) | |
| NAVY FEDERAL CREDIT UNION, ) | |
| ) | |
| Defendant. ) | |

ORDER

Before the Court is a Motion to Intervene pursuant to Fed. R. Civ. P. 24(a), [Dkt. No. 53] ("Motion to Intervene"), filed by pro se proposed intervenor and non-party M. Eugene Gibbs, Esq. ("movant" or "Gibbs").[1] In his Motion to Intervene, despite not providing any argument supporting his claim, Gibbs alleges that he is permitted to intervene as of right under Rule 24(a). Conscious of its duty to construe pro se pleadings liberally, the Court construes Gibbs' request as one also seeking permissive intervention under Rule 24(b). For the reasons that follow, Gibbs' Motion to Intervene will be denied.[2]

Federal Rule of Civil Procedure 24(a)(2) requires a court to permit intervention by a party who "claims an interest relating to the . . . subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The United States Court of Appeals for the Fourth Circuit has articulated a three-part test for Rule 24(a)(2) intervention, requiring a movant to show: "(1) an interest in the subject matter of the action; (2) that the

---

[1] It is unclear whether Gibbs, who has attached "Esq." to his name, is an attorney.
[2] The Court finds that oral argument will not aid in the decisional process and will resolve the Motion to Intervene on the papers.

protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation." Teague v. Bakker, 931 F.2d 259, 260–61 (4th Cir. 1991). Even when a party may not intervene as of right, a court may permit intervention when the party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

In his Motion to Intervene, movant does not engage whatsoever with the applicable legal standard required to intervene under Fed. R. Civ. P. 24. Instead, movant attempts to argue the merits of a claim under the Racketeering Influence Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961, et seq. [Dkt. No. 53] at 2 (claiming that defendant "Navy Federal Credit Union joined and combined . . . to create a criminal enterprise" known as the "HAMP-LESS GANG"); see also id. at 2-26. The civil action in which movant attempts to intervene, however, is not one premised on RICO, but one raising claims under the Equal Credit Opportunity Act, 15 U.S.C. § 16901, et seq., the Fair Housing Act of 1968, 42 U.S.C. § 3601, et seq., and 42 U.S.C. § 1981. [Dkt. No. 1] at 15-19.

The Court finds that movant's proposed RICO allegations lack a common factual foundation with the claims put forward by plaintiffs in this civil action, and the Motion to Intervene raises entirely new questions of law which are not implicated by the federal statutes currently at issue. Even liberally construing the Motion for Intervention, movant has failed to provide a sufficient basis to satisfy the Rule 24 standard, instead attempting to litigate the merits of a RICO claim which is not properly before the Court. Accordingly, it is hereby

ORDERED that movant M. Eugene Gibbs' Motion to Intervene, [Dkt. No. 53], be and is DENIED.

To appeal this decision, movant must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order movant wants to appeal. Movant need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives movant's right to appeal this decision.

The Clerk is directed to forward copies of this Order to counsel of record and movant M. Eugene Gibbs, pro se.

Entered this 7th day of February, 2024.

Alexandria, Virginia

/s/ *signature*
Leonie M. Brinkema
United States District Judge