IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| LAQUITA OLIVER, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br>NAVY FEDERAL CREDIT UNION,<br>Defendant. | Case No. 23-cv-01731 (LMB/WEF) |

**JOINT DISCOVERY PLAN**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 26(A), the Parties submit this Joint Discovery Plan in advance of the Initial Pretrial Conference set for **April 24, 2024**, at 11 a.m. The Parties conferred between April 1 and 15 2024, to formulate this Joint Discovery Plan, and agree as follows:

1. Conclusion of Discovery. Because this is a complex putative nationwide class action, the parties request a discovery period of approximately nine months, with all discovery to conclude by **March 7, 2025.**[1] The Parties respectfully request a final pretrial conference to be scheduled the week of **April 7, 2025.**

2. Initial Disclosures. The Parties will serve their Initial Disclosures under Rule 26(a)(1), on or before **April 15, 2024.**

3. Claims, Defenses, and Settlement. The Parties have conferred as to the nature and bases of their claims. The Parties have discussed the potential for mediation in this matter and

---

[1] Plaintiffs' counsel intends to file a motion requesting that the Court move the May 3, 2024 hearing on Navy Federal's Motion to Dismiss to May 24, 2024, which Navy Federal does not oppose. The parties have agreed to a discovery period that commences on the date of the motion to dismiss hearing, as a ruling on the Motion to Dismiss could substantially affect the scope of discovery.

1

have agreed to further address mediation after ruling on the motion to dismiss and the commencement of discovery allows them better to understand the strengths and weaknesses of the claims and defenses in this action. The Parties are willing to consider Court-supervised mediation at an appropriate time.

  4. <u>Discovery Schedule.</u>  The Parties do not believe that the Local Civil Rules should be altered with respect to the timing of discovery. Accordingly, all requests for written discovery should be served so that answers thereto shall be due no later than the discovery cutoff date.

  5. <u>Service of Papers and Pleadings.</u>  All pleadings, motions and other papers that are filed with the Court will be distributed to the parties via the Court's electronic notification system, as provided by the Federal Rules of Civil Procedure and the Local Rules, which shall constitute sufficient service. In addition, the Parties agree that each has the option to serve by email all discovery requests, written responses, and any other papers that are not filed with the Court. The serving Party shall attach the pleading or paper in a "portable document format" ("pdf") or other form of electronic file.

  6. <u>Discovery of Electronically Stored Information.</u>  The Parties are in the process of negotiating an electronically stored information ("ESI") protocol to govern discovery of ESI. To the extent the Parties have not reached a final agreement on the terms of the ESI Protocol by April 26, 2024, they will provide the Court with a status report on their progress.

  7. <u>Privileged or Protected Materials.</u>  The Parties agree that to the extent any Party intends to assert a claim of privilege or protection as trial preparation material, any such claim must be made in a timely manner and in accordance with the Federal Rules, the Local Rules of this Court, and the Protective Order and ESI Protocol that are being negotiated between the parties.

The Parties agree that inadvertent production of privileged materials shall not constitute a waiver of privileges or protections and the parties have separately negotiated a claw back agreement.

8.     Protective Orders.  The Parties are working together to draft a Proposed Protective Order that is consistent with the requirements of the Local Rules.  To the extent the Parties have not reached a final agreement on the terms of the Proposed Protective Order by April 26, 2024, they will provide the Court with a status report on their progress.

9.     Expert Discovery. The Parties agree that expert discovery is necessary.  Plaintiffs shall make their expert disclosures by **December 20, 2024.**  Defendant's expert disclosures are due by **January 21, 2025.**  Rebuttal disclosures are due by **February 7, 2025.**

10.    Subjects of Discovery.  The Parties agree that discovery relevant to the claims and defenses contained in the pleadings is appropriate, subject to all objections permitted by the applicable rules.  The Parties do not believe any changes should be made to the limitations on discovery as imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court, except as provided in Paragraph 11, below. The Parties agree that any documents received in response to a subpoena to a third party will be provided to the other Parties within five (5) business days of receipt.

11.    Limitations on Discovery.

- Depositions. The Parties agree to five (5) non-party, non-expert depositions per side.  For the avoidance of doubt, current employees of Navy Federal shall not be considered "non-parties."

- Requests for Admission.  The Parties agree to up to forty-five (45) requests for admission per side in this complex putative class action.  Any request for

3

   admission seeking to confirm the authenticity of any document shall not count against this limitation.

- Interrogatories.  The Parties agree that each side shall be permitted to serve up to thirty (30) interrogatories, and that in addition each named Plaintiff may serve up to five (5) additional interrogatories specific to his or her own experience with Navy Federal, and that Navy Federal will be permitted to serve up to five (5) additional interrogatories specific to each named Plaintiff.

12. <u>Dispositive Motions.</u>  The Parties contemplate setting a briefing schedule for a summary judgment motion at the final pretrial conference.  The Parties request the following deadlines for briefing an anticipated Motion for Class Certification.

- Plaintiffs' Deadline to Move for Class Certification:  **February 14, 2025**
- Hearing on Motion for Class Certification:  **March 7, 2025**

13. <u>Trial by Magistrate.</u>  The Parties do not consent to trial by Magistrate.

14. <u>Disclosures, Exhibit Lists, Witness Lists and Stipulations.</u>  The Parties agree that the Rule 26(a)(3) disclosures, a list of exhibits to be used at trial, a list of the witnesses to be called at trial, and a written stipulation of uncontested facts will be filed electronically with the Court at least fourteen (14) days before the Final Pretrial Conference.  Objections to exhibits will be filed three (3) days before the Final Pretrial Conference; otherwise the exhibits shall stand admitted in evidence.  The original exhibits shall be delivered to the clerk as provided by Local Civil Rule 79(A).

15. <u>Waiver of Appearance and Pretrial Conference.</u> The Parties agree to waive their appearance at the Pretrial Conference on April 24, 2024, if the Court approves this Joint Discovery Plan.

WE SO MOVE

And agree to abide by the terms of this Order

/s/ Michaela S. Wilkes Klein
Ronald C. Machen (*pro hac vice*)
Jonathan E. Paikin (*pro hac vice*)
Karin Dryhurst (*pro hac vice*)
Michaela Wilkes Klein (VA Bar No. 89675)
Andre Manuel (*pro hac vice*)
**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
ronald.machen@wilmerhale.com
jonathan.paikin@wilmerhale.com
karin.dryhurst@wilmerhale.com
michaela.wilkesklein@wilmerhale.com
andre.manuel@wilmerhale.com

Thais R. Ridgeway (*pro hac vice*)
**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**
7 World Trade Center, 250 Greenwich Street
New York, NY 10007
thais.ridgeway@wilmerhale.com
Telephone: (212) 295-6000
Facsimile: (212) 230-8888
*Counsel for Defendant Navy Federal*
*Credit Union*

/s/ Peter Silva
Peter Silva (State Bar No. 80935)
Hassan Zavareei (*pro hac vice*)
Andrea Gold (*pro hac vice*)
Shana Khader (*pro hac vice*)
Glenn Chappell (State Bar No. 92153)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue, NW, Suite 1010
Washington, District of Columbia 20006
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
hzavareei@tzlegal.com
psilva@tzlegal.com
gchappell@tzlegal.com
agold@tzlegal.com

Wesley M. Griffith (*pro hac vice*)
Cort Carlson (*pro hac vice*)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
Telephone: 510-254-6808
Facsimile: 202-973-0950
wgriffith@tzlegal.com
carlson@tzlegal.com

Ben Crump (*pro hac vice*)
Sue-Ann Robinson (*pro hac vice*)
**BEN CRUMP LAW PLLC**
122 South Calhoun Street
Tallahassee, Florida 32301
Telephone: 850-224-2020
ben@bencrump.com
sueann@bencrump.com

Adam J. Levitt (*pro hac vice*)
Daniel R. Schwartz (*pro hac vice*)
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor

Chicago, Illinois 60602
Telephone:  312-214 7900
alevitt@dicellolevitt.com
dschwartz@dicellolevitt.com

Éviealle Dawkins (*pro hac vice*)
**DICELLO LEVITT LLP**
1101 17th Street NW, Suite 1000
Washington, DC  20036
Telephone:  202-975-2288
edawkins@dicellolevitt.com

Diandra Debrosse Zimmermann (*pro hac vice*)
Eli Hare (*pro hac vice*)
**DICELLO LEVITT LLP**
505 20th Street North, 15th Floor
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com
ehare@dicellolevitt.com

Scott Harris (*pro hac vice*)
Michael Dunn (*pro hac vice*)
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
900 West Morgan Street
Raleigh, North Carolina 27603
Telephone: 919-600-5000
sharris@milberg.com
michael.dunn@milberg.com

Glen L. Abramson (*pro hac vice*)
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
800 South Gay Street, Suite 1100
Knoxville, Tennessee 37929
Telephone:  866-252-0878
gabramson@milberg.com

John P. Pierce (State Bar No. 43404)
**LILES PARKER PLLC**
2305 Calvert Street, NW
Washington, DC  20008
Telephone:  202-567-2050
jpierce@lilesparker.com

Jonathan M. Petty (State Bar No. 43100)
Christopher P. Yakubisin (State Bar No. 91186)
**PHELAN PETTY PLC**
3315 West Broad Street
Richmond, Virginia 23230
Telephone:  804-980-7100
jpetty@phelanpetty.com

*Counsel for Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2024 I caused the foregoing to be filed electronically using the Court's CM/ECF system, which automatically sent a notice of electronic filing to all counsel of record.

*/s/ Michaela S. Wilkes Klein*